NOT DESIGNATED FOR PUBLICATION

No. 115,080

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VINCENT E. JEFFERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY. Opinion filed March 3, 2017.
Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.

*Per Curiam*:  Vincent E. Jefferson appeals the district court's decision to revoke
his probation and to impose his prison sentence after what he characterizes as a single
probation violation.

Jefferson was granted 36 months' probation after he pled guilty to aggravated
burglary. His plea was consistent with a plea agreement in which the State agreed to
dismiss other charges and to recommend probation based upon certain conditions. At his
sentencing hearing in October 2013, the district court not only granted probation but, in

spite of Jefferson's extensive criminal history, also imposed an underlying 60-month prison sentence which was half the presumptive prison sentence.

In February 2015, the State sought to have Jefferson's probation revoked based on him having committed new crimes of aggravated battery, unlawful restraint, criminal threat, and intimidation of a witness. The State also alleged that Jefferson failed to make any payments toward court costs or restitution and had consumed alcohol, all contrary to the requirements of his probation.

The district court found that Jefferson had violated his probation by committing new crimes and by consuming alcohol. The State asked the court to impose Jefferson's underlying prison sentence. Jefferson requested another chance at probation with an interim sanction rather than being sent to prison. The court ordered Jefferson to serve his underlying prison sentence, noting Jefferson's 55 previous convictions over a period of 30 years. Jefferson appealed.

Jefferson claims the district court abused its discretion by imposing the underlying sentence "after a single violation." He claims he had proven that he could succeed on probation for an extended period of time.

Unless otherwise required by law, which is not the case here, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, the decision to revoke is within the district court's sound discretion. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Abuse of discretion means the court's action:  (1) was arbitrary, fanciful, or unreasonable; (2) was based on an error of law; or (3) was based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Jefferson has the duty to show an abuse of discretion. See *State v. Burnett*, 300 Kan. 419, 449, 329 P.3d 1169 (2014). Jefferson does not contend the district court made an error of law or fact in its

ruling. Rather, his claim is that the district court's decision to revoke his probation was arbitrary, fanciful, or unreasonable.

Jefferson relies on *State v. Turner*, 257 Kan. 19, 891 P.2d 317 (1995), to support his claim that the district court abused its discretion by not giving him another chance on probation. But the sole issue raised in *Turner* was the applicability of the exclusionary rule to probation revocation proceedings. *Turner* does not support Jefferson's argument.

Jefferson does not deny that he violated the terms of his probation. At sentencing, the district court showed leniency when it granted Jefferson a substantial departure by imposing only a 60-month prison sentence and by granting probation in spite of his extensive criminal history. Jefferson failed to take advantage of the opportunity by complying with the terms of his probation. We find nothing arbitrary, fanciful, or unreasonable about the district court's decision not to reinstate Jefferson's probation under these circumstances.

Affirmed.